**UNITED STATES DISTRICT COURT**
<u>**EASTERN DISTRICT OF NEW YORK**</u>

| | |
|---|---|
| DELAWARE TRUST COMPANY, as Trustee for the PT ATL SPV GRANTOR TRUST,<br><br>       Plaintiff,<br><br>     - against -<br><br>FC 2501 LLC; MIZ3 LLC; FC 1191 LLC; JASON WISOTSKY; ENVIRONMENTAL CONTROL BOARD; SHANA-KAY GRIFFITHS; and "JOHN DOE #1" through "JOHN DOE #10," the last ten names being fictitious and unknown to the plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest or lien upon the premises described in the complaint,<br><br>       Defendants. | Docket No. _____ |

<u>**VERIFIED COMPLAINT**</u>

   Delaware Trust Company, as Trustee ("Trustee") for the PT ATL SPV Grantor Trust (the "Trust"; hereinafter, "Plaintiff" or "Lender"), states as and for its verified complaint as follows:

   1.  This action seeks, among other things, the foreclosure of a consolidated mortgage and other relief relating to property located at 2501-2511 Newkirk Avenue a/k/a 417 East 25th Street, Brooklyn, New York 11226, as a result of the default of defendants, FC 2501 LLC, MIZ3 LLC, and FC 1191 LLC, as borrowers, and Jason Wisotsky, as guarantor, of their repayment obligations under a certain promissory note, a consolidated mortgage, a guaranty agreement and related loan documents.

1

## PARTIES, JURISDICTION, AND VENUE

2. Trustee, acting solely in its capacity as trustee of the Trust, is a trust company formed under the laws of the State of Delaware.

3. The Trust, acting through Trustee, is a trust formed under the laws of the State of Delaware.

4. The sole beneficiary of the Trust is PT ATL Onshore LLC (the "Beneficiary"), a limited liability company formed under the laws of the State of Delaware.

5. The sole member of the Beneficiary is PT ATL Offshore Ltd., a company organized under the laws of the Cayman Islands.

6. Trustee, acting solely in its capacity as trustee for the Trust, brings this action with express reference to the Loan (defined below) and the matters related thereto as hereinafter set forth.

7. Upon information and belief, defendant, FC 2501 LLC, is a New York limited liability company with an address of 62 Rutledge Street, #109, Brooklyn, New York 11249 ("FC 2501").

8. Upon information and belief, defendant, MIZ3 LLC, is a New York limited liability company with an address of 62 Rutledge Street, #109, Brooklyn, New York 11249 ("MIZ3").

9. Upon information and belief, defendant, FC 1191 LLC, is a New York limited liability company with an address of 62 Rutledge Street, #109, Brooklyn, New York 11249 ("FC 1191").

10. FC 2501, MIZ3, and FC 1191 shall hereinafter collectively be referred to as "Borrowers" and each a "Borrower."

11. The subject property consists of a parcel of real property located at 2501/2511 Newkirk Avenue a/k/a 417 East 25th Street, Brooklyn, New York 11226 (Block: 5212, Lot: 24).

12. Borrowers, as tenants in common, are the owners of the Property.

13. A metes-and-bounds description of the Property is annexed hereto as Exhibit "A."

14. Upon information and belief, defendant, Jason Wisotsky ("Guarantor"), is a citizen of New York.

15. Plaintiff names Guarantor as a party defendant herein because Guarantor guaranteed Borrowers' obligations pursuant to the Guaranty (defined below).

16. Borrowers and Guarantor shall be referred to collectively hereinafter as "Defendants."

17. Upon information and belief, defendant, Environmental Control Board of the City of New York, is named herein as a party solely because of any title or claim it might have against the Property as a result of any unpaid liens or other violations and to extinguish any right, title, claim or interest it may claim in the Property, including, but not limited to, with respect to any liens or unpaid violations reflected on the annexed Exhibit "B."

18. Upon information and belief, defendant, Shana-Kay Griffiths, is named herein as a party solely because she is a tenant who resides at the Property.

19. Defendants John Doe #1 through John Doe #10 are fictitious names of persons or parties currently unknown to the Plaintiff representing the tenants, occupants, persons or corporations, if any, having or claiming an interest or lien upon the Property.

20. Based on the foregoing, this Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332(a) because it is between a citizen or subject of a foreign state, as defined

in 28 U.S.C. § 1603(a), as plaintiff, and citizens of a State, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

21. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the Property is located in the Eastern District of New York.

## THE LOAN DOCUMENTS

22. On or about November 20, 2019, Capital One, National Association ("Capital One") extended a loan to Borrowers in the initial principal amount of $8,200,000.00 (the "Loan").

23. On or about November 20, 2019, to evidence the indebtedness to Capital One, Borrowers duly executed, acknowledged and delivered to Capital One a Restated Note (the "Note").

24. A true and correct copy of the Note with allonge firmly affixed thereto is annexed hereto as Exhibit "C."

25. To secure the payment of the Note, on or about November 20, 2019, Borrowers, as mortgagor, executed and delivered to Capital One, as mortgagee, a certain Consolidation, Extension, Modification and Security Agreement (the "Mortgage").

26. A true and correct copy of the Mortgage, which was recorded on December 2, 2019 in the Office of the Kings County Clerk at CRFN2019000391430, is annexed hereto as Exhibit "D."

27. Among other conditions, rights, duties and privileges as fully set forth therein and as detailed below, the Mortgage encumbers the Property.

28. Borrowers agreed to pay back the Loan in accordance with the terms of the parties' agreements including, among others, the Note and the Mortgage.

29. To further secure the payment of the Note, on or about November 20, 2019, Borrowers, as assignors, executed and delivered to Capital One, as assignee, a certain Assignment of Leases and Rents agreement (the "ALR").

30. A true and correct copy of the ALR, which was recorded on December 2, 2019 in the Office of the Kings County Clerk at CRFN2019000391431, is annexed hereto as Exhibit "E."

31. To further secure the payment of the Note, on or about November 20, 2019, Guarantor duly executed, acknowledged and delivered to Capital One a Guaranty of Recourse Obligations of Borrowers (the "Guaranty").

32. A true and correct copy of the Guaranty is annexed hereto as Exhibit "F."

33. Pursuant to the Guaranty, the Guarantor agreed to irrevocably, absolutely and unconditionally guarantee the prompt and unconditional payment of all "Recourse Obligations of Borrowers," as such term is defined in the Guaranty, to the Lender.

34. On or about November 20, 2019, Borrowers delivered to Capital One a certain UCC Financing Statement ("UCC Statement").

35. A true and correct copy of the UCC Statement, which was recorded on November 22, 2019 in the Office of the Kings County Clerk at CRFN2019000383620, is annexed hereto as Exhibit "G."

36. The Note, the Mortgage, the ALR, the Guaranty, and all other agreements, instruments and documents, at any time executed and delivered in connection therewith, each as amended, restated, supplemented or otherwise modified from time to time, shall be collectively referred to herein as the "Loan Documents."

37. On or about September 28, 2021, Capital One assigned the Loan Documents to Plaintiff.

38. A true and correct copy of the Assignment of Mortgages reflecting an assignment of the Loan Documents, which was recorded on November 8, 2021 in the Office of the Kings County Clerk at CRFN2021000441927, is annexed hereto as Exhibit "H."

39. A true and correct copy of the assignment of the ALR, which was recorded on November 8, 2021 in the Office of the Kings County Clerk at CRFN2021000441928, is annexed hereto as Exhibit "I."

40. On or about September 28, 2021, Capital One assigned the UCC Statement to Plaintiff.

41. A true and correct copy of the UCC Statement assignment, which was recorded on November 8, 2021 in the Office of the Kings County Clerk at CFRN2021000441929, is annexed hereto as Exhibit "J."

42. Plaintiff is the owner and holder of the Loan Documents.

## FIRST COUNT
### (Foreclosure of Mortgage)

43. Plaintiff repeats and realleges each of the foregoing allegations as if fully stated herein.

44. Defendants failed to comply with the terms of the Loan Documents and defaulted thereunder because, among other things, Borrowers failed to pay, when due, the monthly installment due under the Loan Documents on September 1, 2025 or at any time thereafter.

45. The terms of the Loan Documents provide, among other things, that in the event of Defendants' default, Plaintiff, at its option, may declare that all sums owed to it are immediately due and payable.

46. Plaintiff has elected and hereby elects to declare immediately due and payable the entire indebtedness owed under the Loan Documents.

47. By letter, dated October 1, 2025, Defendants were notified that they were in default under the Loan Documents and that all sums owed to Lender are immediately due and payable.

48. A true and accurate copy of the October 1, 2025 default letter is annexed hereto as Exhibit "K."

49. Defendants' defaults under the Loan Documents have continued beyond any applicable grace period.

50. Thus, the principal balance due under the Loan Documents, which is the total of the principal due under the Note, as of the date hereof, is $7,389,126.06, plus late charges pursuant to the terms of the Loan Documents, default interest at the rate(s) specified under the Loan Documents, and costs and expenses, including legal fees and expenses, as set forth in the Loan Documents.

51. Despite demand, Defendants have failed and/or refused to pay the indebtedness which they owe to Plaintiff under the Loan Documents.

52. Plaintiff has duly performed all its obligations under the Loan Documents.

53. The Mortgage was duly recorded on December 2, 2019 in the Office of the Kings County Clerk at CRFN2019000391430.

54. Any applicable recording tax was duly paid at the time of recording the Mortgage.

55. Among other things, the Loan Documents contain express covenants providing in substance as follows: (a) Upon the occurrence of an event of default, the entire unpaid balance shall become due at the option of Plaintiff; and (b) Defendants will pay taxes, assessments, sewer rates or water rates, and in default thereof, Plaintiff may pay same.

56. Plaintiff has paid or may be compelled during the pendency of this action to pay local taxes, assessments, water rates, insurance premiums and other charges affecting the Property,

and Plaintiff requests that any sums thus paid by it for said purposes (together with interest thereon), should be added to the sum otherwise due and be deemed secured by the Loan Documents and be adjudged a valid lien on the Property.

57. Each of the above-named defendants has or claims to have or may claim to have some interest or lien upon said mortgaged Property or some part thereof, which interest or lien, if any, has accrued subsequent to and is subject to and subordinate to the lien of the Mortgage.

58. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of the Mortgage or for recovery of the Loan or any part thereof.

59. Plaintiff requests that in the event this action proceeds to judgment of foreclosure and sale, the Property should be sold subject to the following:

(a) Any state of facts that an inspection of the Property would disclose;

(b) Any state of facts that an accurate survey of the Property would show;

(c) Covenants, restrictions, easements and public utility agreements of record, if any;

(d) Building and zoning ordinances of the municipality in which the mortgaged Property is located and possible violations of same;

(e) Unpaid taxes and assessments, if any;

(f) Any rights of tenants or persons in possession of the subject premises;

(g) Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale; and

(h) Prior lien(s) of record if any.

60. In the event that Plaintiff possesses any other lien(s) against the mortgaged Property other than those described above either by way of judgment or otherwise, Plaintiff requests that

such other lien(s) shall not be merged in Plaintiff's causes of action set forth in this Verified Complaint, but that Plaintiff may enforce such other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

61. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of any payment after the date of the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

62. Under the Loan Documents, Defendants are liable to Plaintiff for the reasonable attorneys' fees and other expenses incurred by Plaintiff in connection with this action and with enforcing its rights under the Loan Documents.

## SECOND COUNT
### (Foreclosure of Security Interest in the Collateral)

63. Plaintiff repeats and realleges each of the foregoing allegations as if fully stated herein.

64. Section 3.09 of the Mortgage expressly provides, among other things, that "[t]his Agreement shall be deemed to be a security agreement pursuant to the Uniform Commercial Code of the State of New York. Mortgagor shall be the debtor, Mortgagee shall be the secured party and the collateral shall be the Mortgaged Property to the extent same may be secured by a Uniform Commercial Code security agreement and/or a UCC-1 Financing statement."

65. On or about November 20, 2019, Borrowers delivered to Capital One the UCC Statement, with the same force and effect as if set forth at length herein, which UCC Statement was duly filed and recorded in the Office of the Kings County Clerk at CRFN2019000383620.

66. The UCC Statement was subsequently assigned to Plaintiff via an assignment recorded in the Office of the Kings County Clerk at CFRN2021000441929.

67. Defendants failed to comply with the terms of the Loan Documents and defaulted thereunder because, among other things, Borrowers failed to pay, when due, the monthly installment due under the Loan Documents on September 1, 2025 or at any time thereafter.

68. For the reasons previously set forth, and by reason of Borrowers' defaults under the Note and the Mortgage, Plaintiff is entitled to foreclose on its security interest in the collateral described in the UCC Financing Statement.

## THIRD COUNT
### (Deficiency Judgment Against Defendants)

69. Plaintiff repeats and realleges each of the foregoing allegations as if fully stated herein.

70. Section 13 of the Note states: "Except for Borrower[s'] indemnity in favor of Lender from and against any actual loss, cost, liability and expense which Lender may incur in connection with . . . (iii) the misappropriation or misapplication of Rents (as defined in the Mortgage) collected at the Mortgaged Property; (iv) the liability for Rents or other Income generated from the Mortgaged Property received by Borrowers after default under this Note or an Event of Default under the Mortgage and not applied to payments due under this Note or the Mortgage or to ordinary recurring operating expenses of the Mortgaged Property; or (v) deliberate waste of the Mortgaged Property, the liability of Borrowers, their permitted successors or assigns, under this Note and/or the Mortgage is hereby strictly limited to the interest of Borrowers, their permitted successors or assigns in the Mortgaged Property and any Judgment in favor of Lender shall be satisfied only against the Mortgaged Property and may not be satisfied against any other

asset of Borrowers, their permitted successors or assigns, and Lender shall neither seek, demand nor be entitled to obtain a deficiency judgment against Borrowers" (Ex. "C" [Note], § 13).

71.     Section 2.10 of the Mortgage contains a substantially similar, if not identical, provision (Ex. "D" [Mortgage], § 2.10).

72.     The Guaranty states:

"Guarantor hereby guarantees, absolutely and conditionally, to the Lender the payment of all Recourse Obligations of Borrower[s] to the Lender of whatever nature, whether now existing or hereafter incurred, whether created directly or acquired by the Lender by assignment or otherwise, whether matured or unmatured and whether absolute or contingent. . . .

The term 'Recourse Obligations of Borrower[s]' as used in this Guaranty shall mean any and all monetary losses actually incurred by Lender and directly or indirectly arising out of or in connection with . . . (iii) the misappropriation or misapplication of the Rents (as defined in the Mortgage) collected at the Mortgaged Property (as defined in the Mortgage), (iv) liability for Rents or other income generated from the Mortgaged Property received by Borrowers after an Event of Default (as defined in the Mortgage) under the Mortgage and not applied to payments due under the Note or the Mortgage, or to ordinary recurring operating expenses of the Mortgaged Property; (v) deliberate waste of the Mortgaged Property. . . ."

(Ex. "F" [Guaranty], p. 1).

73.     Section 2 of the Guaranty states: "Guarantor agrees to pay the Recourse Obligations of Borrower[s] immediately upon demand by the Lender, provided that same have become due under the terms of the Note and/or the Mortgage. The obligation of Guarantor is not contingent upon Borrower[s]' failure to pay the Recourse Obligations of Borrower[s] and Lender shall not be required to attempt to collect the Recourse Obligations of Borrower[s] from Borrower[s] prior to the demand upon and obligation of Guarantor to pay same" (*Id.* at § 2).

74.     Section 3 of the Guaranty states: "Guarantor agrees that, upon demand, Guarantor shall reimburse the Lender, to the extent that such reimbursement is not made by Borrower[s], for

all expenses (including counsel fees) incurred by the Lender in connection with the enforcement of . . . any of the Recourse Obligations of Borrower[s] or the collection thereof" (*Id.* at § 3).

75. Defendants breached the aforementioned provisions of the Loan Documents by, among other things, misappropriating or misapplying Rents (as defined in the Mortgage) collected at the Property and/or receiving Rents or other income generated from the Property after default under the Note or an Event of Default under the Mortgage and not applying said Rents to payments due under the Note or the Mortgage or to ordinary recurring operating expenses of the Property.

76. Plaintiff, therefore, seeks a deficiency judgment against Defendants in an amount to be determined at trial in accordance with the aforementioned provisions of the Loan Documents, as well as an award of attorneys' fees and costs incurred by it in connection with Defendants' breach of their aforementioned obligations.

77. Plaintiff has brought no other action or proceeding to recover any part of the indebtedness herein described.

**WHEREFORE**, Plaintiff demands judgment as follows:

(a) on the First Count, that the Defendants, and each of them, and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of any from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged Property and each and every part and parcel thereof; that the said Property may be decreed to be sold in one or more parcels, according to law, in "as is" physical order and condition, subject to the items set forth in paragraph "59" of this complaint; that the monies arising from the sale thereof may be brought into Court; that Plaintiff may be paid the amount due on the Loan Documents as

        hereinbefore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorneys' fees, together with the costs, allowance and disbursements of this action, and together with any sums incurred by Plaintiff pursuant to any term or provision of the Loan Documents set forth in this complaint, or to protect the liens of Plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that upon Plaintiff's application this Court forthwith appoint a receiver of the rents and profits of said Property, during the pendency of this action with the usual powers and duties; and that in the event that Plaintiff possesses any other liens against said mortgaged Property either by way of judgment or otherwise, Plaintiff requests that such other liens shall not be merged in Plaintiff's causes of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other liens and/or seek determination of priority thereof in any independent actions or proceedings, including, without limitation, any surplus money proceedings, adjudicating Defendants liable, jointly and severally, to pay any deficiency which may remain after applying the foreclosure sale proceeds but only to the extent authorized by the Loan Documents, net of expenses, to the indebtedness then owed under the Loan Documents, and that Plaintiff may have such other and further relief, or both, in the Property, as may be just and equitable;

(b)     On the Second Count, directing the foreclosure of the security interest in the fixtures and personal property; enjoining Defendants and their servants, agents, employees, officers, assigns, representatives and all other persons in active concert

and participation with Defendants from moving, selling, assigning, transferring, secreting or otherwise disposing of the collateral; directing Defendants to assemble and deliver to Plaintiff possession of the collateral including, but not limited to, inventory, equipment, personal property and fixtures, or in the alternative, making the collateral available to Plaintiff at a reasonably convenient time and place;

(c)   On the Third Count, awarding Plaintiff a deficiency judgment against Defendants to the extent authorized by the Loan Documents in an amount to be determined at trial, as well as an award of attorneys' fees and costs incurred by Plaintiff; and

(d)   For such other and further relief as the Court deems just, proper and equitable, together with the costs and disbursements of this action.

Dated: New York, New York
December 4, 2025

ROSENBERG & ESTIS, P.C.

By: _____
Christopher A. Gorman
733 Third Avenue
New York, New York 10017
(212) 867-6000
cgorman@rosenbergestis.com
*Attorneys for Plaintiff*

## **VERIFICATION**

**MATTHEW MICHALOVSKY** affirms the following to be true under the penalties of perjury:

1. I am an officer of the manager of the plaintiff, PT ATL SPV Grantor Trust, acting herein through its trustee, Delaware Trust Company ("Plaintiff").

2. I have read the foregoing Verified Complaint and know the contents thereof and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

3. I am authorized to make and execute this Verification on Plaintiff's behalf.

I affirm this 4th day of December, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

_____
**MATTHEW MICHALOVSKY**