# EXHIBIT F



## GUARANTY OF RECOURSE OBLIGATIONS OF BORROWER

**GUARANTY** made as of the 20th day of November, 2019 by **JASON WISOTSKY,** an individual having an address at 62 Rutledge Street, Suite 109, Brooklyn, New York 11249 (together with their respective heirs, legal representatives, successors and assigns hereinafter collectively called the **"Guarantor"**) to **CAPITAL ONE, NATIONAL ASSOCIATION,** 1307 Walt Whitman Road, Melville, New York 11747 (hereinafter called the **"Lender"**).

**WHEREAS**, FC 2501 LLC, MIZ3 LLC, AND FC 1191 LLC, each a New York limited liability company (collectively, the **"Borrower"**) has requested Lender lend to Borrower the sum of EIGHT MILLION TWO HUNDRED THOUSAND AND 00/100 ($8,200,000.00) DOLLARS (the **"Loan"**) to assist Borrower in the refinance of the premises located at 2501-2511 Newkirk Avenue a/k/a 417 East 25th Street, Brooklyn, New York (the **"Premises"**), as more particularly described in the Consolidation, Extension, Modification and Security Agreement (the "**Mortgage**") given by Borrower and which Loan is evidenced by the Restated Note of even date herewith in the amount of the Loan (the "**Note**") made by Borrower and secured by the Mortgage; and

**WHEREAS**, Guarantor is desirous of having Lender make the Loan to Borrower; and

**WHEREAS**, Lender is unwilling to make the Loan, unless Guarantor guarantees the Recourse Obligations of Borrower, as hereinafter defined;

**NOW, THEREFORE**, in consideration of the Loan, and of other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, and in order to induce the Lender to make the Loan to Borrower, and from time to time in its discretion, to extend or continue credit to Borrower, Guarantor hereby guarantees, absolutely and unconditionally, to the Lender the payment of all Recourse Obligations of Borrower to the Lender of whatever nature, whether now existing or hereafter incurred, whether created directly or acquired by the Lender by assignment or otherwise, whether matured or unmatured and whether absolute or contingent.

1. The term **"Recourse Obligations of Borrower"** as used in this Guaranty shall mean any and all monetary losses actually incurred by Lender and directly or indirectly arising out of or in connection with:
(i) the obligations of Borrower under the provisions of Section 1.19 of the Mortgage;
(ii) any acts or omissions constituting fraud or misrepresentation by Borrower in connection with applying for the Loan or in supplying information or documentation to the Lender subsequent to the date hereof;
(iii) the misappropriation or misapplication of the Rents (as defined in the Mortgage) collected at the Mortgaged Property (as defined in the Mortgage);
(iv) liability for Rents or other income generated from the Mortgaged Property received by Borrower after an Event of Default (as defined in the Mortgage) under the Mortgage and not applied to payments due under the Note or the Mortgage, or to ordinary recurring operating expenses of the Mortgaged Property;
(v) deliberate waste of the Mortgaged Property; and
(vi) Lender shall retain full recourse against Borrower and Guarantor for all sums due under the Note and Mortgage in the event that Borrower commences a voluntary bankruptcy or insolvency proceeding or any involuntary bankruptcy or insolvency proceeding is commenced against Borrower by any person or entity (other than the Lender) and Borrower fails to use commercially reasonable, good faith efforts to obtain a dismissal of such proceedings or has acted in collusion with the party commencing such proceedings.

2. Guarantor agrees to pay the Recourse Obligations of Borrower immediately upon demand by the Lender, provided that same have become due under the terms of the Note and/or the Mortgage. The obligation of Guarantor is not contingent upon Borrower's failure to pay the Recourse Obligations of Borrower and Lender shall not be required to attempt to collect the Recourse Obligations of Borrower from Borrower prior to the demand upon and obligation of Guarantor to pay same.

3. Guarantor agrees that, upon demand, Guarantor shall reimburse the Lender, to the extent that such reimbursement is not made by Borrower, for all expenses (including counsel fees) incurred by the Lender in connection the enforcement of with any of the Recourse Obligations of Borrower or the collection thereof.



6990874.1

4.      All moneys available to the Lender for application in payment or reduction of the Recourse Obligations of Borrower may be applied by the Lender in such manner and in such amounts and at such time or times at it may see fit to the payment or reduction of such of the Recourse Obligations of Borrower as the Lender may elect.

5.      Guarantor hereby consents that from time to time, before or after any Event of Default (as defined in the Mortgage) or any notice of termination hereof, with or without further notice to or assent from Guarantor, any security at any time held by or available to the Lender for any obligation of Borrower, or any security at any time held or available to the Lender for any obligation of any other person secondarily or otherwise liable for any of the Recourse Obligations of Borrower, may be exchanged, surrendered or released and any obligation of Borrower, or of any such other person, may be changed, altered, renewed, extended, continued, surrendered, compromised, waived or released in whole or in part, or any default with respect thereto waived, and the Lender may fail to set off and may release, in whole or in part, any balance of any deposit account or credit on its books in favor of Borrower, or of any such other person, and may extend further credit in any manner whatsoever to Borrower, and generally deal with Borrower or any such security or other person as the Lender may see fit; and Guarantor shall remain bound under this Guaranty notwithstanding any such exchange, surrender, release, change, alteration, renewal, extension, continuance, compromise, waiver, inaction, extension of further credit or other dealing.

6.      Guarantor hereby waives (a) notice of acceptance of this Guaranty and of extensions of credit by the Lender to Borrower; (b) presentment and demand for payment of any of the Recourse Obligations of Borrower; (c) protest and notice of dishonor or default to Guarantor or to any other party with respect to any of the Recourse Obligations of Borrower; (d) all other notices to which Guarantor might otherwise be entitled; and (e) any demand for payment under this Guaranty.

7.      Guarantor acknowledges that this Guaranty and Guarantor's obligations under this Guaranty are and shall at all times continue to be absolute and unconditional in all respects, and shall at all times be valid and enforceable irrespective of any other agreements or circumstances of any nature what-so-ever which might otherwise constitute a defense to this Guaranty and the obligations of Guarantor under this Guaranty or the obligations of any other person or party (including, without limitation, Borrower) relating to this Guaranty or the obligations of Guarantor hereunder or otherwise with respect to the Loan to Borrower. This Guaranty sets forth the entire agreement and understanding of Lender and Guarantor, and Guarantor absolutely, unconditionally and irrevocably waives any and all right to assert any defense, setoff, counterclaim or cross-claim of any nature what-so-ever with respect to the this Guaranty or the obligations of Guarantor under this Guaranty or the obligations of any other person or party (including, without limitation, Borrower) relating to this Guaranty or the obligation of Guarantor under this Guaranty or otherwise with respect to the Loan in any action or proceeding brought by the holder hereof to collect the Recourse Obligations of Borrower or any portion thereof, or to enforce the obligations of Guarantor under this Guaranty. Guarantor acknowledges that no oral or other agreements, understandings, representations or warranties exist with respect to this Guaranty or with respect to the obligations of Guarantor under this Guaranty.

8.      This is a guaranty of payment and not of collection and Guarantor further waives any right to require that any action be brought against Borrower or any other person or to require that resort be had to any security or to any balance of any deposit account or credit on the books of the Lender in favor of Borrower or any other person.

9.      Each reference herein to the Lender shall be deemed to include its successors and assigns, in whose favor the provisions of this Guaranty shall also inure. Each reference herein to Guarantor shall be deemed to include the heirs, executors, administrators, legal representatives, successors and assigns of Guarantor, all of whom shall be bound by the provisions of this Guaranty.

10.     Guarantor hereby agrees and consents that should it or Borrower be the subject of a Bankruptcy Event (as defined in the Mortgage), Lender shall thereupon be entitled, and Guarantor irrevocably consents, to relief from any automatic stay imposed by Section 362 of the United Stated Bankruptcy Code, or otherwise, on or against the exercise of the rights and remedies otherwise available to Lender as provided herein, as provided in the Mortgage, or with respect to any other Loan document or as otherwise provided by law.

11.     If any term or provision of this Guaranty or the application thereof to any person or circumstance shall to any extent be invalid or unenforceable, the remainder of this Guaranty, or the application of such term or provision to persons or circumstances other than those as to which it is invalid or unenforceable, shall not be affected thereby and each term and provision of this Guaranty shall be valid and enforceable to the fullest extent permitted by law.

12.     All notices hereunder shall be in writing and shall be deemed to have been sufficiently given or served for all purposes when presented personally or sent by certified mail, return receipt requested or overnight mail by a nationally recognized courier, at each party's address above stated, or at such other address which a party shall have notified the other party in writing. Any written notice sent by certified mail, return receipt requested shall be deemed to have been served five (5) days after the date the same is mailed in accordance with the foregoing provisions. Notice sent by overnight carrier shall be deemed to have been served one (1) Business Day (as defined in the Note) after the date same is mailed.

13.     This Guaranty contains a complete statement of all arrangements between Guarantor and the Lender with respect to the subject matter hereof and cannot be changed or terminated orally. This Guaranty shall be construed without regard to any rule or presumption requiring construction against the party causing this instrument to be drafted.

14.     GUARANTOR HEREBY AGREES NOT TO ELECT A TRIAL BY JURY OF ANY ISSUE TRIABLE OF RIGHT BY JURY AND WAIVES ANY RIGHT TO TRIAL BY JURY FULLY TO THE EXTENT THAT ANY SUCH RIGHT SHALL NOW OR HEREAFTER EXIST WITH REGARD TO THIS GUARANTY OR ANY OTHER DOCUMENT EXECUTED IN CONNECTION WITH THE LOAN, OR ANY CLAIM, COUNTERCLAIM OR OTHER ACTION ARISING IN CONNECTION THEREWITH. THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY GUARANTOR AND IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE. LENDER IS HEREBY AUTHORIZED TO FILE A COPY OF THIS SECTION IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER BY GUARANTOR.

15.     Guarantor hereby expressly and unconditionally waives, in connection with any suit, action or proceeding brought by or on behalf of Lender on this Guaranty, any and every right Guarantor may have to (i) interpose any defense based upon any statute of limitations or any claims of laches, (ii) injunctive relief, (iii) interpose any counterclaim therein (other than compulsory counterclaims), and (iv) have the same consolidated with any other or separate suit, action or proceeding. Nothing herein contained shall prevent or prohibit Guarantor from instituting or maintaining a separate action against Lender with respect to any asserted claim.

16.     This Guaranty, and the rights and obligations of the parties hereunder, shall in all respects be governed by, and construed and enforced in accordance with, the laws of the State of New York (without giving effect to New York's principles of conflicts of law). Guarantor hereby irrevocably: (a) agrees that any legal action or proceeding arising out of or relating to this Guaranty may be brought in the courts of the State of New York in any county or of the United States of America for the Eastern or Southern Districts of New York, as Lender may elect, (b) consents to the jurisdiction of each such court in any such suit, action or proceeding, and (c) waives any objection which it may have to the laying of venue of any such suit, action or proceeding in any of such courts and any claim that any such suit, action or proceeding has been brought in an inconvenient forum. Any such suit, action or proceeding shall be initiated by any methods of service provided for under applicable law. Nothing contained herein shall affect the right of Lender to bring any suit, action or proceeding against Guarantor or its property in the courts of any other jurisdiction.

17.     Guarantor, if more than one, shall be jointly and severally liable hereunder. This Guaranty may be executed in counterparts, each of which shall constitute an original, and when taken together shall constitute one and the same Guaranty.

18.     This Guaranty shall inure to the benefit of and may be enforced by the Lender, its successors or assigns, and shall be binding upon and enforceable against Guarantor, and his, its or their respective heirs, executors, administrators, personal representatives, successors and assigns.

[Signature Page to Guaranty of Recourse Obligations of Borrower]

**IN WITNESS WHEREOF**, Guarantor has duly executed and delivered this Guaranty as of the date first set forth above.

_____
JASON WISOTSKY

STATE OF NEW YORK    }
                     }   ss:
COUNTY OF Rockland   }

On the 15 day of November, 2019, before me, the undersigned, a Notary Public in and for said State, personally appeared JASON WISOTSKY, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

AVRAHAM Y OBERMEISTER
NOTARY PUBLIC-STATE OF NEW YORK
No. 01OB6146516
Qualified in Rockland County
My Commission Expires 06-22-2022