# EXHIBIT K

**PT ATL SPV GRANTOR TRUST**
c/o CBRE
929 Gessner Road, Suite 1700
Houston, TX 77024

October 1, 2025

**Via Certified Mail, Return Receipt Requested**
FC 2501 LLC
62 Rutledge Street, Suite 109
Brooklyn, New York 11249

MIZ3 LLC
62 Rutledge Street, Suite 109
Brooklyn, New York 11249

FC 1191 LLC
62 Rutledge Street, Suite 109
Brooklyn, New York 11249

Re:   2501-2511 Newkirk Avenue a/k/a 417 East 25th Street, Brooklyn, New York (Block: 5212, Lot: 24) (the "*Property*")

Dear Sir/Madam:

Reference is hereby made to that certain commercial mortgage loan made by CAPITAL ONE, NATIONAL ASSOCIATION (the "*Original Lender*") to FC 2501 LLC, MIZ3 LLC AND FC 1191 LLC (collectively, the "*Borrower*") in the original principal amount of $8,200,000.00 (the "*Loan*"), as evidenced by that certain Restated Note dated as of November 20, 2019 (the "*Note*"), secured by, among other things, that certain Consolidation, Extension, Modification and Security Agreement (the "*Mortgage*"), encumbering the Property, and guaranteed by, among other things, that certain Guaranty of Recourse Obligations of Borrower dated as of November 20, 2019, given by JASON WISOTSKY (the "*Guarantor*") in favor of Original Lender (the "*Guaranty*"; together with the Note, Mortgage, and all other documents executed in connection with the Loan, collectively, the "*Loan Documents*"). As you are aware, Original Lender assigned the Loan Documents to PT ATL SPV Grantor Trust (the "*Lender*") by, among other things, that certain Assignment of Mortgage dated as of September 28, 2021. All capitalized terms not defined herein shall have the respective meanings set forth in the Loan Documents.

Borrower defaulted by, among other things, failing to make the monthly payment due on September 1, 2025, in accordance with the terms and provisions of the Loan Documents (the "*Stated Event of Default*"), which constitutes an Event of Default under Section 2.01(a)(1) of the Mortgage and the Loan Documents.

FC 2501 LLC, MIZ3 LLC, and FC 1191 LLC

8666060.1

As a result of the Stated Event of Default and pursuant to its rights under the Loan Documents, Lender hereby declares the entire principal amount of the Note and the Loan Documents currently outstanding, together with all accrued and unpaid interest and additional interest thereon and all other sums and indebtedness due and payable by the Borrower under the Loan Documents, or otherwise in connection with the Loan (including, without limitation, all fees, expenses, late charges and penalties), **to be immediately due and payable**. Pursuant to Section 9 of the Note and the Loan Documents, interest continues to accrue at the Default Rate from the earliest Event of Default under the Loan Documents.

No forbearance, delay or inaction by the Lender in the consequential exercise of its rights and remedies, and no continuing performance by the Lender or the Borrower under the Loan Documents: (a) shall constitute: (i) a modification or an alteration of the terms, conditions or covenants of the Loan Documents, all of which remain in full force and effect; or (ii) a waiver, release or limitation upon the Lender's exercise of any of its rights and remedies thereunder, all of which are hereby expressly reserved; or (b) shall relieve or release the Borrower or the Guarantor in any way from any of their respective duties, obligations, covenants or agreements under the Loan Documents or from the consequences of the Stated Event of Default described above or any other Event of Default, as defined in the Loan Documents, that may be declared thereunder. The Lender is not obligated to waive any Event of Default, as defined under the Loan Documents, or defaults, whether now existing but not yet declared or which may occur after the date of this letter.

We remind you, furthermore, that nothing in this letter or in any ongoing or future discussions or negotiations between the Lender, on the one hand, and the Borrower, the Guarantor and any entity which the Lender has extended credit to and in which Borrower has a controlling interest (each a "*Credit Party*" and collectively "*Credit Parties*"), on the other hand, nor any delay on the part of the Lender in exercising any of its rights and remedies under the Loan Documents and/or applicable law, shall directly or indirectly: (i) create any obligation to forbear from taking any enforcement action, or to make any further extensions of credit, (ii) constitute a consent to or waiver of any past, present or future default or Event of Default, as defined in the Loan Documents, or other violation of any provisions of the Loan Documents, (iii) amend, modify or operate as a waiver of any provision of any Loan Documents or any right, power, privilege or remedy of the Lender thereunder or under applicable law or constitute an agreement to forbear or to restructure the loans and other obligations of the Credit Parties under the Loan Documents (the "*Obligations*") in any respect or otherwise modify the capital structure of any or all of the Credit Parties, or (iv) constitute a course of dealing or other basis for altering any rights or obligations of the Lender under the Loan Documents, or any Obligations of the Borrower, the Guarantor or any other Credit Party under the Loan Documents or any other contract or instrument. Nothing contained in this letter shall confer on the Borrower, the Guarantor or any other Credit Party or Person any right to notice or cure periods with respect to any default or Event of Default under the Loan Documents.

This letter confirms that the Lender has not waived any breach by Borrower under the Loan Documents and the Lender expressly reserve all of its rights, powers, privileges and remedies under the Loan Documents and/or applicable law, including, without limitation, its right at any time, as applicable, (i) to commence any legal or other action to collect any or all of the Obligations from the Borrower, the other Credit Parties, and any other person liable therefore and/or any collateral securing the Obligations (the "*Collateral*"), (ii) to foreclose or otherwise realize on any or all of the Collateral and/or as appropriate, set-off or apply to the payment of any or all of the

Obligations, any or all of the Collateral, (iii) to take any other enforcement action or otherwise exercise any or all rights and remedies provided for by any or all of the Loan Documents or applicable law, and (iv) to reject any forbearance, financial restructuring or other proposal made by or on behalf of the Borrower, any other Credit Party or any creditor or equity holder. The Lender may exercise its rights, powers, privileges, and remedies, including those set forth in clauses (i) through (iv) above at any time in its sole and absolute discretion without further notice. No oral representations or course of dealing on the part of the Lender or any of its officers, employees or agents, and no failure or delay by the Lender with respect to the exercise of any right, power, privilege or remedy under any of the Loan Documents or applicable law shall operate as a waiver thereof, and the single or partial exercise of any such right, power, privilege or remedy shall not preclude any later exercise of any other right, power, privilege or remedy. Except as specified herein, this letter does not attempt to summarize all (i) existing misrepresentations, breaches, defaults, and the Event of Default existing under the Loan Documents and (ii) rights and remedies of the Lender under the Loan Documents. Accordingly, this letter is not, and shall not be deemed to be, a waiver of, or consent to, any misrepresentation, breach, default, or Event of Default now existing or hereafter arising under the Loan Documents.

Please be guided accordingly.

Sincerely,

**LENDER:**

**PT ATL SPV GRANTOR TRUST**

By: PT ATL Onshore LLC, its manager

By: _____
Name:  Matthew Michalovsky
Title:  Officer

cc:  JASON WISOTSKY
     62 Rutledge Street, Suite 109
     Brooklyn, New York 11249

FC 2501 LLC, MIZ3 LLC, and FC 1191 LLC

8666060.1