

Ethan A. Kobre - Direct: 212-743-7048 - ekobre@ssrga.com

February 13, 2026

**By ECF**

Hon. Joseph A. Marutollo
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 11A South
Brooklyn, New York 11201

Re:  *Delaware Trust Company, as Trustee v. FC 2501 LLC et al.* -- Case No. 1:25-cv-06823

Dear Judge Marutollo,

We are counsel to defendants FC 2501 LLC, MIZ3 LLC, FC 1191 LLC, and Jason Wisotsky ("Defendants"). While the Court directed the parties to submit a joint letter, we believe the version of the proposed letter sent to us by Plaintiff missed the Court's point, and Plaintiff's counsel declined to incorporate the points raised below. We thus write separately to provide a status update on our anticipated next steps in the litigation.

Defendants prefer to focus on a resolution of this action rather than unproductive disputes, which is why Defendants consented to the receivership. But Plaintiff appears hyper-focused on the receivership and a supposed default. Neither issue is productive. The receivership is a distraction at best and will serve only to denude the subject property of value; the supposed default does nothing to resolve this action, especially since Defendants *already* have filed an Answer.[1] Defendants submit, most respectfully, that these matters are not what the Court intended when it directed a joint letter as to next steps. As the Court asked Plaintiff's counsel during the February 4 telephonic conference, the question here is how this matter can be steered to conclusion.

To that end, Defendants have been proactively attempting to find ways to resolve this action globally—efforts that started even before this action was commenced. Defendants and their counsel have made several broad-strokes proposals for a resolution—Plaintiff has not responded in any meaningful way. Defendants would be interested in mediation or a settlement conference with the Court.

---

[1] "[W]hen a certificate of default has been entered by the Clerk of the Court, but no default judgment has been entered, then Rule 55(c) applies, which is a more lenient standard than to set aside a default judgment under Rule 60(b)." *U.S. Commodity Futures Trading Comm'n v. LaMarco*, 2022 WL 18859042, at *3 (E.D.N.Y. Dec. 27, 2022), *report and recommendation adopted*, 2023 WL 2495869 (E.D.N.Y. Mar. 14, 2023). Here—where a certificate of default has yet to issue—that "lenient standard" should be further reduced to almost nothing.

Hon. Joseph A. Marutollo
February 13, 2026
Page 2

As always, we appreciate the Court's time and consideration.

                                                                 Respectfully submitted,

                                                                 *Ethan A. Kobre*

                                                                 Ethan A. Kobre

cc:      Christopher A. Gorman, Esq. (*by ECF*)

SCHWARTZ SLADKUS REICH GREENBERG ATLAS LLP